```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ONEWEST BANK, N.A.,

                    Plaintiff,

     -against-                              MEMORANDUM & ORDER
                                            15-CV-0434(JS)(GRB)
RICHARD IAMMATTEO, ELSIE IAMMATTEO, and
JOHN DOE NO. 1 through JOHN DOE NO. 10,

                    Defendants.
----------------------------------------X
```

APPEARANCES
For Plaintiff:          Rachel Beth Drucker, Esq.
                        Robert G. Wilk, Esq.
                        Windels Marx Lane & Mittendorf LLP
                        156 West 56th Street
                        New York, NY 10019

For Defendants:
Richard and
Elsie Iammatteo        Richard A. Guttman, Esq.
                        125 East Main Street, Suite 82
                        Kings Park, NY 11754

SEYBERT, District Judge:

        Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") recommending that this Court grant in part and deny in part plaintiff OneWest Bank, N.A.'s ("Plaintiff") motion seeking, inter alia, entry of a default judgment against defendants Richard and Elsie Iammatteo (collectively, the "Iammatteos"). (Docket Entry 37.) For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety.

BACKGROUND

On January 28, 2015, Plaintiff commenced this foreclosure action against the Iammatteos with respect to a mortgage encumbering property located at 1682 Northern Boulevard, Laurel Hollow, New York (the "Property"). (See Compl. ¶ 1.) On April 23, 2015, the Clerk of the Court entered default against the Iammatteos. (Docket Entries 14 and 15.) On December 11, 2015, Plaintiff filed a motion requesting: (1) entry of a default judgment against the Iammatteos; (2) amendment of the caption to strike defendants John Doe No. 1 through John Doe No. 10 and discontinuance of the action against these defendants without prejudice; (3) amendment of the caption to substitute CIT Bank, N.A., as plaintiff in place of OneWest Bank N.A.; (4) that the Court, a Special Master, or Magistrate Judge compute the amounts due Plaintiff under the mortgage and report as to whether the Property can be sold in one parcel; (5) an award of damages, including interest and counsel fees; (6) entry of a judgment of foreclosure and sale. (Pl.'s Mot., Docket Entry 23.)

On January 16, 2016, the Court referred Plaintiff's motion to Judge Brown for a report and recommendation on whether the motion should be granted and, if necessary, a determination of the damages, costs, and/or fees to be awarded. (Docket Entry 28.)

On July 29, 2016, Judge Brown issued his R&R. (R&R, Docket Entry 37.) Judge Brown recommends that the Court enter a

default judgment against the Iammatteos; execute Plaintiff's Proposed Judgment of Foreclosure and Sale with the exception of the requested attorneys' fees; and appoint a referee to determine whether the Property may be sold in a single parcel and conduct the sale of the Property. (R&R at 1-2.) Judge Brown recommends that Plaintiff's request for an award of attorneys' fees be denied without prejudice and with leave to renew due to Plaintiff's failure to submit contemporaneous billing records or information regarding the individuals providing legal services. (R&R at 3.) Judge Brown further recommends that the Court grant Plaintiff's motion to amend the caption to substitute CIT Bank, N.A., as Plaintiff, and strike John Doe No. 1 through John Doe No. 10 as defendants. (R&R at 1.)

The Court notes that after Plaintiff filed its motion, the Iammatteos retained counsel and filed an Order to Show Cause seeking a preliminary injunction and temporary restraining order. (Docket Entry 31.) On February 9, 2016, the Court denied Plaintiff's application and referred the matter to Judge Brown for a traverse hearing. (Docket Entry 32.) Plaintiff filed a letter motion to strike the traverse hearing referral, alleging that the Iammatteos' counsel failed to provide his availability for the hearing. (Pl.'s Ltr. Mot., Docket Entry 33.) On March 7, 2016, the Court deferred ruling on Plaintiff's letter motion and provided the Iammatteos' counsel with a final opportunity to contact Judge

Brown with his availability for a traverse hearing. On March 25, 2016, the Court granted Plaintiff's letter motion in light of counsel's failure to contact Judge Brown.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Brown's R&R (Docket Entry 37) is ADOPTED in its entirety and Plaintiff's motion (Docket Entry 23) is GRANTED IN PART and DENIED IN PART. Plaintiff's motion for entry of a default judgment against the Iammatteos is GRANTED. Plaintiff's motion to amend the caption is GRANTED and its claims against John Doe No.

4

1 through John Doe No. 10 are DISCONTINUED WITHOUT PREJUDICE. The Clerk of the Court is directed to SUBSTITUTE CIT Bank, N.A., as Plaintiff in this action, and TERMINATE John Doe No. 1 through John Doe No. 10 as defendants in this action.

Plaintiff's motion for attorneys' fees is DENIED WITHOUT PREJUDICE. Plaintiff is granted leave to renew its application for attorneys' fees within sixty (60) days of the date of this Memorandum and Order. Plaintiff's motion for a Judgment of Foreclosure and Sale is GRANTED. Plaintiff is directed to submit the names of three (3) proposed referees within thirty (30) days of the date of this Memorandum and Order. The Court will enter a Judgment of Foreclosure and Sale following its selection of a referee and determination of Plaintiff's renewed fee application.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  21 , 2016
Central Islip, New York